47 F.3d 1170
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
POLICEMEN'S RETIREMENT FUND OF the CITY OF LOUISVILLE;
Board of Trustees of the Policemen's Retirement
Fund of the City of Louisville,
Plaintiffs-Appellants,
v.
CITY OF LOUISVILLE; Christina Heavrin, in Her Capacity as
City of Louisville Director of Law, Defendants-Appellees.
 No. 93-6420.
 United States Court of Appeals, Sixth Circuit.
 Jan. 12, 1995.
 
 Before: KENNEDY, JONES, Circuit Judges; and DeMASCIO, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiffs appeal the lower court's decision and order granting Defendants summary judgment in this action arising from the denial of requested legal representation and indemnification for legal expenses. For the reasons stated herein, we AFFIRM the lower court's judgment and order.
 
 I.
 
 2
 As Defendants do not dispute the facts set forth in Plaintiffs' amended complaint, those facts are taken as established. See United States v. Mississippi, 380 U.S. 128, 143 (1965).
 
 
 3
 In October 1989, Plaintiffs-Appellants Policemen's Retirement Fund ("Fund") and the Board of Trustees of the Policemen's Retirement Fund ("Board") filed suit against Defendant-Appellee City of Louisville to determine rights to assets which were expropriated by the City, pending the outcome of litigation against the Fund.
 
 
 4
 On December 17, 1992, Defendants moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). J.A. at 31. In response, Plaintiffs argued that the motion to dismiss should be treated as a motion for summary judgment because the defendants included as exhibits five pleadings from other cases and numerous references to facts not included in the first amended complaint. J.A. at 74 (citing 5A Charles A Wright & Arthur R. Miller, Federal Practice and Procedure Sec. 1356 (1990) and Fed.R.Civ.P. 12(b)).
 
 
 5
 In September 1993, the trial court ruled that pursuant to Federal Rule of Civil Procedure 56(c), the City was entitled to summary judgment for the following reasons: (1) Plaintiffs had failed to identify a recognizable property interest for which they claimed deprivation; (2) Plaintiffs had failed to allege the elements necessary to justify an equal protection claim, i.e., that they had been treated differently from those similarly situated; and (3) the statute of limitations had expired on the claims which formed the basis of Count II of the amended complaint. J.A. 151-153. Accordingly, the court dismissed the amended complaint with prejudice. This appeal followed.
 
 II.
 A.
 
 6
 Plaintiffs first argue that "conversion of the Motion to Dismiss to a motion for summary judgment was improper without prior notice to the Plaintiffs." Appellant's Br. at 13. This argument is without merit. When a plaintiff requests that a district court consider a defendant's motion to dismiss as a motion for summary judgment, the court is not then required to provide notice that it is so doing. Fernhoff v. Tahoe Regional Planning Agency, 803 F.2d 979, 983 (9th Cir.1986); see Fugarino v. Hartford Life and Accident Ins. Co, 969 F.2d 178, 182 (6th Cir.1992) (stating that ten day notice requirement is waived and court need not give specific notice of intent to consider 12(b)(6) motion as motion under Rule 56(c) so long as plaintiffs have "opportunity to respond to defendant's evidence"), cert. denied, 113 S.Ct. 1401 (1983). Here, Plaintiffs requested that the lower court consider Defendants' motion as a motion for summary judgment and had nearly a year between the filing of the motion and the entering of judgment to respond. Plaintiffs cannot now argue that the court improperly considered the motion under Rule 56(c).
 
 B.
 
 7
 Next, Plaintiffs argue that the lower court erred in granting summary judgment to the defendants. "We review a district court's grant of summary judgment de novo." Russo v. City of Cincinnati, 953 F.2d 1036, 1041 (6th Cir.1992) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)). "[I]n a motion for summary judgment, 'credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge. The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor.' " Russo, 953 F.2d at 1041-42; Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).
 
 
 8
 Pursuant to Rule 56(c), summary judgment is to be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after an adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.
 
 
 9
 With respect to Count I of the amended complaint, Plaintiffs have failed to identify and allege a deprivation of any right protected by the United States Constitution or federal laws as required by 42 U.S.C. Sec. 1983. Flagg Bros. v. Brooks, 436 U.S. 149, 155-57 (1978). Contrary to Plaintiffs' assertion, neither the City's choice to indemnify a retired police officer in a suit against the Fund, nor its decision to withhold money from the Fund, pending the outcome of litigation, states an equal protection claim. The basis of an equal protection claim is that the state has treated people who are similarly situated in a different manner. See generally Bannum, Inc. v. City of Louisville, 958 F.2d 1354, 1359-1360 (6th Cir.1992) (holding that different treatment is initial element of equal protection violation); Dyszel v. Marks, 6 F.3d 116, 124-25 (3d Cir.1993) (holding the Fourteenth Amendment directs all persons similarly situated to be treated alike). This court does not accept that a retired police officer who sues a Fund for mismanagement of funds is similarly situated to a Board member who is sued for mismanagement.
 
 
 10
 With respect to the City withholding appropriations from the Fund, no authority suggests that a retirement fund qua retirement fund has standing to invoke the protection of a civil rights law such as 42 U.S.C. Sec. 1983. Even if the Fund did have standing, it has not alleged or shown that it has been treated differently from others similarly situated--i.e., that funds are not withheld from other bodies that are responsible for making investments when charges of mismanagement against its members are pending. Summary judgment on Count I was appropriate.
 
 
 11
 Count II alleged that Plaintiffs' due process rights were violated because they were denied the benefit of representation and indemnification, pursuant to a unilateral decision by the City Director of Law. This decision allegedly violated local ordinances.
 
 
 12
 The Louisville Code of Ordinances creates a duty on the part of the City to represent and indemnify members of the Board of Trustees for "claims made against them for the good faith performance of their official duties. Louisville, Ky., Code Secs. 36.160-36.162. The City, however, is not required to represent Board Members, otherwise eligible, if the Director of Law determines that the member (1) acted outside the scope of his employment or authority, (2) acted in a willfully negligent or malicious manner, or (3) acted against the advice of counsel. Louisville, Ky., Code Sec. 36.163.
 
 
 13
 Section 36.163 vests in the Director of Law discretion to deny indemnification and legal representation under limited circumstances.[2] As conceded by Plaintiffs' counsel at oral argument, mechanisms exist under Kentucky state law through which the Director's determination can be challenged if a party believes an abuse of discretion has occurred. More importantly, as the lower court correctly noted, J.A. 151 n. 1, the Louisville ordinance only requires that the City pay settlement expenses, not legal defense expenses. See Louisville, Ky., Code Sec. 36.161. Thus, the City's decision not to defend Plaintiffs or indemnify them for their expenses incurred while defending themselves has not deprived Plaintiffs of a property right.
 
 C.
 
 14
 Finally, Plaintiffs claim that the trial court abused its discretion when it denied them leave to amend the first amended complaint. "Although federal courts are inclined to grant leave to amend following a dismissal order, there are circumstances where amendment will not be allowed." Sinay v. Lamson & Sessions Co, 948 F.2d 1037, 1041 (6th Cir.1991). "Accordingly, an amendment may not be allowed if the complaint as amended could not withstand a Fed.R.Civ.P. 12(b)(6) motion." Id. "Furthermore, a district court does not abuse its discretion in failing to grant a party leave to amend where such leave is not sought." Id. (citation omitted).
 
 
 15
 We find that Plaintiffs' complaint could not survive a Rule 12(b)(6) motion. Furthermore, the record indicates that Plaintiffs did not move the court for leave to amend the first amended complaint. Thus the lower court did not abuse its discretion by not sua sponte granting leave to amend the complaint. Id. at 1041.
 
 D.
 
 16
 Because we find that summary judgment was appropriately granted, we decline to address Plaintiffs' claim that the lower court miscalculated the statute of limitations with respect to Count II of the amended complaint.
 
 III.
 
 17
 The decision of the lower court to grant summary judgment to Defendants and to dismissed the action with prejudice is AFFIRMED.
 
 
 
 *
 The Honorable Robert E. DeMascio, District Court Judge for the Eastern District of Michigan, sitting by designation
 
 
 [2]
 The claim that it is a violation of due process for the Director of Law to exercise quasi-judicial power is meritless. Under Kentucky law, no branch may exercise powers belonging to either of the others except as permitted by law. Ky.Rev.Stat.Ann. Sec. 83.430. Clearly, section 36.163 of the Louisville Code creates an exception